**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICENTA ANDINO, AND EDWIN ANDINO<br><br>    Plaintiffs,<br><br>    v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>    Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

  VICENTA ANDINO AND EDWIN ANDINO, ("Plaintiffs"), by their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant"):

## INTRODUCTION

  1.  Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

  2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

  3.  Defendant conducts business and maintains its headquarters in the State of New York, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

5. Plaintiffs, Vicenta and Edwin Andino are natural persons residing in Kenmoore, New York.

6. Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 165 Lawrence Bell Dr., Suite 100, Williamsville, New York 14221.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiffs, Edwin and Vicenta in its attempts to collect a consumer debt.

11. The alleged debt at issue arose out of transactions made by Plaintiff, Vicenta Andino, which were for personal, family, or household purposes.

12. Plaintiff, Vicenta Andino is a 96 year old woman, who suffers from dementia and has been confined to her son, Edwin Andino's home for at least the past six years.

13. Plaintiff, Edwin Andino is the son, power of attorney, and primary caretaker of Vicenta.

14. Plaintiffs aver that no debts of Mrs. Andino are outstanding, due or owing.

15. Throughout February 2013, Defendant's collectors, including Mike Waters,

placed repeated harassing telephone calls to Plaintiffs home telephone number from numbers including 877-254-0943. The undersigned has confirmed this number belongs to Defendant.

16. These calls occurred frequently despite Plaintiff Edwin's assertions that his mother could not have incurred the alleged debt.

17. Plaintiff, Edwin Andino has advised Defendant's collectors that his mother does not owe any debt and has specifically demanded that Defendant stop calling them.

18. Defendant has continued to call Plaintiffs against their express wishes.

19. Plaintiffs aver that when Defendant was told the calls were unwanted and to stop placing them, there was no lawful purpose for placing additional calls, nor was there any good faith reason to do so.

20. Further, Defendant failed to provide Plaintiffs mandated FDPCA disclosures in writing after reaching Plaintiffs.

21. Defendant's actions as described herein were taken with the intention of annoying, harassing, and coercing payment from Plaintiffs for this alleged debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692d and § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

24. Defendant violated § 1692d(5) of the FDCPA when it made repeated calls to Plaintiffs' telephone after being to told to cease calls, with the intent to harass or annoy Plaintiff.

## COUNT II
### DEFENDANT VIOLATED §§ 1692e, 1692e(2)(A) and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692e prohibits debt collector from using false, deceptive or misleading information in connection with the collection of any debt.

26. Section 1692e(2) prohibits a debt collector from falsely asserting the fact of any compensation which may be lawfully received by the collector.

27. Section 1692e(10) prohibits debt collector from using fany false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) when it sought to collect an amount from Plaintiffs that was not owed.

## COUNT III
### DEFENDANT VIOLATED § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692f prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

30. Section 1692f(1) prohibits a debt collector from the collection of any amount of money, including interest, fees, charges, or expenses that are incidental to the principal obligation.

31. Defendant violated §§ 1692f and 1692f(1) when it sought to collect an amount

from Plaintiffs that was not owed, and when it engaged in other unfair and unconscionable practices.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

33. Defendant violated § 1692g(a) of the FDCPA when it failed to send such a notice to Plaintiffs in regard to the alleged debt within five days of its initial contact with the Plaintiffs, in violation of the FDCPA.

WHEREFORE, Plaintiffs EDWIN ANDINO and VICENTA ANDINO, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3);  and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs VICENTA ANDINO AND EDWIN ANDINO, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 01/29/2014         KIMMEL & SILVERMAN, P.C.

By: _/s/ CRAIG THOR KIMMEL_
CRAIG THOR KIMMEL
Attorney ID # 2790038
Attorney for Plaintiffs
1001 Avenue of the Americas, 12th Floor
New York, NY 10018
Phone: (212) 719-7543
Fax:  (877) 617-2515
Email: kimmel@creditlaw.com