UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

EDWIN ANDINO,

                              Plaintiff,

                 -vs-                                      14-CV-59-JTC

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.

───────────────────────────────────

APPEARANCES:   KIMMEL & SILVERMAN, P.C. (CRAIG THOR KIMMEL, ESQ., of
               Counsel), Buffalo, New York, for Plaintiff

               SESSIONS FISHMAN NATHAN & ISRAEL (AARON R. EASLEY,
               ESQ., of Counsel), Flemington, New Jersey, for Defendant.


        Plaintiff Edwin Andino brings this action seeking actual and statutory damages

against defendant Mercantile Adjustment Bureau, LLC (MAB) for violations of various

provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*,

based on MAB's alleged conduct in connection with attempts to collect a consumer debt

incurred by plaintiff's mother, Vicenta Andino.[1]   *See* Complaint, Dkt. No. 1.   Following

mediation and upon completion of discovery, defendant filed a motion for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Dkt. No. 23) seeking

dismissal of the action for failure of proof to support any of the FDCPA violations alleged

in the complaint.

───────────────────────────

[1]Vicenta Andino was named as a plaintiff in the complaint filed with the court on January 29, 2014
(Dkt. No. 1).  Vicenta died on June 12, 2014 (*see* Dkt. No. 23-5, p. 7).  On August 19, 2014, the parties
filed a joint stipulation of voluntary dismissal of plaintiff Vicenta Andino's claim without court order, with
prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (Dkt. No. 13).

For the reasons that follow, defendant's motion is granted.

## **BACKGROUND**

MAB is an account receivables management company, engaged in the business of debt collection (*see* Dkt. No. 23-4, p. 2).  According to the declaration of MAB's Chief Operating Officer Albert Della Mea, and as reflected in account records submitted in connection with the pending motion, MAB was retained by Buffalo Emergency Associates in September 2012 to collect the amount of $22.04 (Account No. 60757223), and again in November 2012 to collect the amount of $27.53 (Account No. 60944995), due and owing on medical bills for services rendered to Vicenta Andino at Kenmore Mercy Hospital in April and May 2012 (*see id.* at 6, 9).  At the time of the events alleged in the complaint, Vicenta Andino was 96 years old and was living with plaintiff at a shared address and telephone number (*see* Dkt. No. 23-2, ¶¶ 9, 10).  Plaintiff represents that he was Vicenta's primary care giver until her death in June 2014, and handled all of her mail, financial affairs, and other matters under a durable power of attorney (*see* Dkt. No. 24-5).

MAB account records further reflect that at 1:29 p.m. on February 11, 2013, and at 1:46 p.m. on February 20, 2013, MAB placed calls to the telephone number listed for Vicenta Andino on the Buffalo Emergency Associates accounts, leaving voice mail messages on the answering machine (Dkt. No. 23-4, pp. 7, 10).  Following the call on February 20, 2013, plaintiff called MAB that same day and spoke to a MAB employee identified as Mike Waters, advising MAB to stop calling Vicenta Andino because she was 96 years old, bedridden, suffering from dementia, did not speak English, and could not answer the phone (*see* Dkt. No. 24-2, ¶¶ 14-16; Dkt. No. 23-5, pp. 9, 42).  Then, on

February 25, 2013, plaintiff's counsel sent MAB a letter as notice of legal representation in connection with the preparation of this lawsuit, and directing MAB to cease and desist from further contact of any kind with plaintiff (*see* Dkt. No. 25-1, pp. 22-24).

Plaintiff filed this action on January 29, 2014, alleging in Count I that, "[t]hroughout February 2013, Defendant's collectors, including Mike Waters, placed repeated harassing telephone calls to Plaintiff's home telephone number," and that the calls persisted even after plaintiff directed defendant to cease and desist, in violation of FDCPA sections 1692d and 1692d(5)  (Dkt. No. 1, ¶¶ 15, 18, 22-24); in Counts II and III, that defendant sought to collect an amount from plaintiffs that was not owed, in violation of FDCPA sections 1692e and 1692f (*id.* at ¶¶ 16, 17, 25-28, 29-31); and in Count IV, that defendant failed to provide "Validation of debts" notice within five days of its initial contact with plaintiff, in violation of FDCPA section 1692g(a) (*id.* at ¶¶ 20, 32-33).  Defendant moves for summary judgment dismissing these claims, on the following grounds:

1.    Plaintiff has failed to come forward with evidence to challenge MAB's account records showing that MAB called plaintiff's telephone number on only two occasions over a period of 10 days during the relevant one-year limitations period, a volume and pattern insufficient to demonstrate an intent to annoy, abuse or harass under sections 1692d or 1692d(5) the FDCPA;

2.    Plaintiff has failed to come forward with evidence to support his allegations that MAB violated sections 1692e, 1692e(2), 1692e(10), 1692f, or 1692f(1) of the FDCPA;

3.    Plaintiff is not the "consumer obligated to pay the debt" at issue, and therefore was not entitled to the "Validation of debts" notice required under section 1692g(a).

## DISCUSSION

**I.    Summary Judgment**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under the well-settled standards for considering a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine issue of material fact exists.  *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 F. App'x 387 (2d Cir. 2011).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law …."  *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come ... 'to put up or shut up' "), *cert. denied*, 540 U.S. 811 (2003).  In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments."  *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004)

(internal quotation marks and citation omitted).  The court's role is not to resolve issues of

fact, but rather to determine "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." *Anderson*, 477 U.S. at 251–52.  When "little or no evidence may be found

in support of the nonmoving party's case ... [and] no rational jury could find in favor of the

nonmoving party because the evidence to support its case is so slight, there is no genuine

issue of material fact and a grant of summary judgment is proper."  *Gallo v. Prudential*

*Resid. Servs.*, L.P., 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citations omitted).

## II.      Defendant's Motion

### A.      15 U.S.C. § 1692d

Plaintiff claims that defendant's debt collection activity violated section 1692d of the

FDCPA, which provides in relevant part:

> A debt collector may not engage in any conduct the natural consequence of
> which is to harass, oppress, or abuse any person in connection with the
> collection of a debt.[2]  Without limiting the general application of the
> foregoing, the following conduct is a violation of this section:
> . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone
> conversation repeatedly or continuously with intent to annoy, abuse, or
> harass any person at the called number.

15 U.S.C. § 1692.

---

[2] *See* 15 U.S.C. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a
consumer to pay money arising out of a transaction in which the money, property, insurance, or services
which are the subject of the transaction are primarily for personal, family, or household purposes, whether
or not such obligation has been reduced to judgment.").

In evaluating whether telephone calls were made "repeatedly or continuously with intent to annoy, abuse, or harass" in violation of this provision, a court presented with a properly framed summary judgment motion will generally consider the evidence in the record regarding the volume, frequency, pattern, or substance of the calls. *See Kavalin v. Glob. Credit & Collection Corp.*, 2011 WL 1260210, at *4 (W.D.N.Y. Mar. 31, 2011) (citing *Brandt v. I.C. System, Inc.*, 2010 WL 582051, at *2 (M.D.Fla. Feb. 19, 2010); *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117, 1124 (D.Nev. 2008)).  While the cases reveal some level of disagreement regarding the volume and pattern of calls sufficient to create an issue of fact as to the defendant's intent to annoy, abuse, or harass, *see, e.g., Krapf v. Nationwide Credit Inc.*, 2010 WL 2025323, at *3-4 (C.D.Cal. May 21, 2010) (citing cases), courts have not hesitated to grant defendants summary judgment where the evidence demonstrates an intent to contact debtors rather than an intent to annoy, abuse, or harass them.  *See Chavious v. CBE Grp., Inc.*, 2012 WL 113509, at *2 (E.D.N.Y. Jan. 13, 2012) (thirty-six calls over approximately two months, all made at reasonable times and not one immediately following another, insufficient to establish § 1692d violation); *Lynch v. Nelson Watson & Assocs., LLC*, 2011 WL 2472588, at *2 (D.Kan. June 21, 2011) (fifty-six calls over approximately three months, without more, insufficient); *Carman v. CBE Group, Inc.*, 782 F. Supp. 2d 1223, 1227 (D.Kan. 2011) (149 calls over two months, without more, was not a violation).

As indicated above, to satisfy its initial summary judgment burden in this case defendant has submitted the declaration of its Chief Operating Officer along with account records which reflect that, during the applicable one-year limitations period between

January 29, 2013 and January 29, 2014 (the date the complaint in this action was filed),[3]

MAB placed only two telephone calls to the number listed for Vicenta Andino, one at 1:29

p.m. on February 11, 2013, and one at 1:46 p.m. on February 20, 2013, and that voice mail

messages were left on each occasion.  *See* Dkt. No. 23-4, pp. 3, 6, 7.  This evidence

further reflects that no further calls to this number were made by MAB following the receipt

of  an incoming call at 4:17 p.m. on February 20, 2013 requesting that the calls to this

number cease and desist.  *Id.* at 7.

      Based on this showing, the court finds that defendant has met its burden of

establishing the absence of a genuine issue of material fact with respect to whether the

frequency, volume, pattern, and substance of the collection calls made during the relevant

limitations period – specifically, two voice mails left on plaintiff's phone at reasonable times,

over a period of ten days – amounts to the level of harassment, oppression, or abuse

necessary for a jury to find a violation of section 1692d.  Accordingly, the burden shifts to

plaintiff to come forward with specific facts showing that there is a genuine issue for trial

on his section 1692d claim.

      In this regard, plaintiff relies on his deposition testimony and statements in his

declaration submitted in opposition to defendant's motion to support his claim that

defendant called his home phone repeatedly and continuously with intent to annoy, abuse,

or harass.  Specifically, plaintiff states in his declaration as follows:

---

[3]15 U.S.C. § 1692k(d) provides:

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

> I received calls from MAB at different times of day, usually starting between 8 am and 12 pm.
>
> MAB would often call multiple times a day, first in the morning and then again before 3 pm or 4 pm in the afternoon or in the evening around 7 pm or 8 pm or both.
>
> The pattern of calls was that MAB would make calls one day, then wait a day, two days, or three days, and start the calls over.

Dkt. No. 24-2, ¶¶ 5-7.  When questioned at his deposition about the frequency of the calls, plaintiff testified as follows:

> A.    They would call – one day they might call, hang up.  When the answering machine would click on, they would hang up.
>
>     This would happen maybe – there were times when it would be just once.  But there would be times when it would be two, maybe sometimes three times.
>
>     Again, I cannot – did not maintain records of all the times they called.
>
> Q.    When did the calls start?
>
> A.    They would vary.  They would vary early in the morning, then someone would call in the afternoon.  So they would vary between 8:00 to 12:00.
>
>     Then they might – someone might call before 3:00, 4:00 p.m.  Sometimes they would even call around 7:00 or 8:00.
>
> Q.    I'm saying, sir, what month and year did the calls start?
>
> A.    Not exactly sure.  There was so many.
>
> Q.    You don't recall when the calls started?
>
> A.    I don't recall when the calls started.
>
> Q.    Do you recall when they ended?
>
> A.    I don't recall exactly when they ended.
>
> Q.    Are you able to say if the calls exceeded ten calls total?  Twenty calls total?  Thirty calls total?

A.      Again, I did not maintain records.

Dkt. No. 23-5, p. 10.   Indeed, in response to further questioning by defense counsel, plaintiff reiterated that he did not personally maintain any phone records that would support his claim of repeated and continuous calls, nor did he make any effort to obtain call logs or other phone records for the relevant period from his telephone service provider.  Instead, he testified that he "would suggest checking out [MAB's] records."   *See id.* at 11.[4]

In the court's view, considering the unresponsive nature of plaintiff's testimony with regard to key points essential to establish his 1692d claim, combined with the absence of any evidentiary support for the allegations contained in the complaint beyond the self-serving statements in his unsworn declaration, plaintiff has failed to identify any specific circumstances surrounding the telephone calls from MAB made during the limitations period that would show any intent to harass, annoy, or abuse.  As such, plaintiff has failed to come forward with any evidence regarding the amount, frequency, pattern, or content of MAB's calls that would suggest anything other than a legitimate effort to collect a debt.

Under the Supreme Court's summary judgment rulings, if the evidence submitted in response to a defendant's properly framed and supported motion "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

---

[4]The court's review of the record reveals that, during period between completion of mediation on September 4, 2014, and completion of on July 8, 2015, plaintiff did not submit any written discovery requests or depose a corporate representative of defendant.

> Instead, the plaintiff must present affirmative evidence in order to defeat a
> properly supported motion for summary judgment.  This is true even where
> the evidence is likely to be within the possession of the defendant, as long
> as the plaintiff has had a full opportunity to conduct discovery.  We repeat,
> however, that the plaintiff, to survive the defendant's motion, need only
> present evidence from which a jury might return a verdict in his favor.  If he
> does so, there is a genuine issue of fact that requires a trial.

*Anderson*, 477 U.S. at 257.

Accordingly, upon consideration of the evidence in the record and all reasonable inferences to be drawn therefrom in the light most favorable to plaintiff, the court finds that no rational jury could find in plaintiff's favor on his claim that defendant caused plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass, in violation of section 1692d of the FDCPA, and that a grant of summary judgment is proper dismissing this claim.

## B.     15 U.S.C. § 1692e

Plaintiff alleges in Count II that defendant's repeated and continuous telephone calls were made in an attempt to collect a debt that was not owed, in violation of FDCPA sections 1692e, 1692e(2)(a), and 1692e(10).  The relevant language of section 1692e provides as follows:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> * * *
>
>          (2)  The false representation of–
>
>                 (A)  the character, amount, or legal status of any debt;
> * * *

-10-

> (10)  The use of any false representation or deceptive means
> to collect or attempt to collect any debt or to obtain information
> concerning a consumer.

15 U.S.C. § 1692e.

Defendant's motion for summary dismissal of Count II is based on the same evidentiary support for summary dismissal of Count I – namely, account records showing that MAB's debt collection activity during the applicable limitations period consisted of two voice mail messages left on plaintiff's phone, ten days apart.   In similar fashion to the analysis above with respect to Count I, the court finds that this showing is sufficient to establish the absence of genuine issues of material fact regarding whether defendant's conduct involved the use of any false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of section 1692e,  and plaintiff has failed to come forward with specific facts showing that there is a genuine issue for trial on this claim.

When questioned at his deposition about the allegations in Count II, plaintiff testified as follows:

> Q.    Paragraph 27 [of the complaint] has a statute section that
> you're not required to know the meaning of, but you assert that
> MAB used false representations or deceptive means to collect
> a debt, correct?
>
> A.    Correct.
>
> Q.    What false representations or deceptive means did MAB use
> to attempt to collect the debt?
>
> A.    In my opinion, calling and continuous calling.
>
> Q.    And then, how would that be a false representation or a
> deceptive means?  How would that be false and deceptive by
> calling you?

-11-

A.      It was annoying.

Q.      But how would it be false representations or deceptive means?

A.      In my opinion, they don't have any proof that this was a debt that belonged to my mother.

* * *

Q.      Now, what false representations or deceptive means, if any, did MAB undertake to obtain information concerning your mother?

A.      Well, that I'm not aware.  They have to do that. They didn't get it from us.

Dkt. No. 23-5, pp. 15-16.

Plaintiff also relies on statements in his unsworn declaration to the effect that, since he handled all of Vicenta Andino's financial and personal affairs, he would have been aware of any bills for her visits to the emergency room, but he had no recollection of the bills from Buffalo Emergency Associates which engendered defendant's challenged debt collection activity.  *See* Dkt. No. 24-2, ¶¶ 17-24.  Therefore, according to plaintiff, defendant's conduct in making repeated telephone calls and leaving voice mail messages in attempting to collect a debt, without proof that the debt was actually owed, constitutes the use of false representations or deceptive means in violation of the cited provisions of section 1692e.

As this discussion reveals, the evidentiary support proffered for plaintiff's section 1692e claims falls into the same category of unresponsive testimony and self-serving statements found by the court to be insufficient to raise genuine issues of fact for trial on plaintiff's claims under section 1692d.  Considering the deficiency of this showing, and even viewing the evidence in the record in the light most favorable to plaintiff and drawing

-12-

all reasonable inferences in his favor, the court concludes that no rational jury could find in favor of plaintiff on his claim that defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt within the purview and meaning of section 1692e of the FDCPA.   Accordingly, a grant of summary judgment is proper dismissing this claim.

### C.       15 U.S.C. § 1692f

In Count III of the complaint, plaintiff alleges that defendant violated sections 1692f and 1692f(1) of the FDCPA "when it sought to collect an amount that was not owed, and when it engaged in other unfair and unconscionable practices."   Dkt. No. 1, ¶¶ 29-31. Under this provision:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f.

For the same reasons as set forth above with respect to plaintiff's claims in Counts I and II, the court finds that plaintiff has not met his summary judgment burden with respect to the claims in Count III.   As the discussion above demonstrates, in response to defendant's submissions on this motion showing reasonable debt collection activity during the relevant limitations period, plaintiff has made no evidentiary showing to support his allegations of actionable conduct by defendant in a manner that would allow a rational jury to find in his favor on his claim that defendant used unfair or unconscionable means to collect or attempt to collect a debt, interest, fees, charges, or expenses within the purview

and meaning of section 1692f of 1692f(1) of the FDCPA.  Accordingly, a grant of summary judgment is proper dismissing this claim as well.

### D.     15 U.S.C. § 1692g(a)

Finally, plaintiff claims in Count IV of the complaint that defendant violated section 1692g(a) of the FDCPA, which requires that "when an independent debt collector solicits payment it must provide the consumer with a detailed validation notice." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).  The validation notice must include the amount of the debt; the name of the creditor; a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days;  an offer to verify the debt; and an offer to provide the consumer with the name and address of the original creditor, if requested. 15 U.S.C.A. § 1692g(a)(1)-(5); *see also Russell*, 74 F.3d at 34; *Barasch v. Estate Info. Servs., LLC*, 2009 WL 2900261, at *1 (E.D.N.Y. Sept. 3, 2009).

The *Barasch* case involved circumstances similar to those presented here, and its holding is instructive.  In *Barasch*, the wife of a deceased debtor claimed that the validation notice in a collection letter sent to her husband's estate did not contain the language required under section 1692g.  The court found that the plaintiff lacked standing to pursue a claim under this provision, relying on the rationale of *Sibersky v. Goldstein*, 155 F. App'x 10, 11 (2d Cir. 2005), in which the Second Circuit held that where an FDCPA complaint alleges faulty notice under § 1692g, "for the offending communication to be 'with respect to' a person other than the debt consumer or someone standing in the consumer's shoes, that person would have to plead some injurious exposure to the communication to have standing to sue."  155 F. App'x at 11-12 (quoting 15 U.S.C. § 1692k(a) (civil liability for

-14-

damages)).   The court in *Barasch* granted the debt collector's motion for summary judgment dismissing the section 1692g claim, finding that the plaintiff did not meet the standing requirements of *Sibersky* because she was not the debtor to whom the collection letter was addressed, did not claim to be standing in the shoes of the addressee (*i.e.*, the debtor estate), and – significantly – did not come forward with any evidence of "injurious exposure to the challenged communication." *Barasch*, 2009 WL 2900261, at *4.  The court stated:

> Although Plaintiff claims that she read the debt collection letter and was harmed, no supporting facts have been presented to the court whatsoever. Most importantly, there is no evidence — or explanation — of the injury that Plaintiff has suffered by reading the challenged communication.  Simply reading the communication cannot qualify Plaintiff for standing under *Sibersky*.  Reading the challenged letter by itself amounts only to "exposure" to the communication — the language in *Sibersky* requires "injurious exposure."  Without any evidence of an injury presented, the court cannot conclude that Plaintiff has standing based on injurious exposure to a challenged communication.

*Id.*

This court finds the rationale of *Sibersky* and *Barasch* compelling, and the precedent controlling.  In this case, although plaintiff has asserted power of attorney over the affairs of his mother, he did not bring this action in a representative capacity, and does not otherwise claim to be standing in the shoes of the consumer to whom the debt collection activity was directed for the purposes of this suit.  More importantly, he has failed to plead or submit any evidence to show or suggest that he was in any way injured by his exposure to two voice mails left on his phone over the course of ten days during the relevant one-year limitations period.  Based on these deficiencies of pleading and evidentiary support, even if plaintiff could be considered to be among the class of persons

eligible to maintain a claim of faulty notice under section 1692g(a), the court concludes that no rational jury could find in his favor on that claim.

Accordingly, summary judgment is appropriate dismissing plaintiff's claim under section 1692g(a) of the FDCPA.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment (Dkt. No. 23) is granted in its entirety, and the complaint is dismissed.

The Clerk of the Court is directed to enter judgment in favor of defendant, and to close the case.

So ordered.

                                                        \s\ John T. Curtin
                                                     JOHN T. CURTIN
                                                  United States District Judge

Dated:   February 17, 2016